Filed 8/8/23 Tiger8 Media v. Mandavia Ephraim + Berg CA2/4

## NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b). This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

SECOND APPELLATE DISTRICT

DIVISION FOUR

| | |
|---|---|
| TIGER8 MEDIA INC., | B322278 |
| Plaintiff and Appellant, | (Los Angeles County Super. Ct. No.20STCV41318) |
| v. | |
| MANDAVIA EPHRAIM + BERG LLP, | |
| Defendant and Respondent. | |

APPEAL from a judgment of the Superior Court of Los Angeles County, Robert B. Broadbelt, Judge. Affirmed.

Graham & Associates and Anthony G. Graham for Plaintiff and Appellant.

Yee & Associates, Steven R. Yee, William G. Sorkin for Defendant and Respondent.

Appellant Tiger8 Media, Inc. (Tiger8) sued respondent law firm Mandavia Ephraim + Burg LLP (MEB)[1] for malicious prosecution after it represented a screenwriter in a contract dispute with Tiger8.  MEB filed a special motion to strike Tiger8's first amended complaint under the anti-SLAPP statute, Code of Civil Procedure section 425.16.[2]  After sustaining MEB's evidentiary objections to the substantive declarations and exhibits Tiger8 filed in opposition to the anti-SLAPP motion, the trial court found that Tiger8 failed to demonstrate a probability of success on the merits and granted the motion.

In this appeal, Tiger8 contends the ruling must be reversed because MEB's anti-SLAPP motion was untimely filed.  It further contends that it has a probability of prevailing on the merits, and that MEB failed to present admissible evidence in support of the motion.[3]  We conclude the special motion to strike was timely filed, and it was properly granted due to Tiger8's failure to present admissible evidence establishing a probability of success on the merits.  We accordingly affirm the judgment of dismissal. Tiger8's motion to augment the record on appeal is denied.

---

[1]     The briefs, including the RB, incorrectly spell Burg as Berg.

[2]     SLAPP is an acronym for "strategic lawsuits against public participation."  (*FilmOn.com Inc. v. DoubleVerify Inc.* (2019) 7 Cal.5th 133, 139.)  All further statutory references are to the Code of Civil Procedure unless otherwise indicated.

[3]     Because the trial court found in the alternative that Tiger8 could not prevail because its complaint was barred by the statute of limitations, Tiger8 also argues that its complaint was timely filed.  We do not reach this argument.

# FACTUAL AND PROCEDURAL HISTORY

## I. Screenwriter Action

In September 2017, MEB filed a breach of contract action against Tiger8 and several other defendants on behalf of a screenwriter. The complaint alleged that Tiger8 and the screenwriter entered into a written option purchase agreement, pursuant to which Tiger8 obtained the exclusive option to acquire all rights in a screenplay. Tiger8 and the screenwriter subsequently extended the option period three times, but Tiger8 never exercised the option to produce a film from the screenplay. The complaint alleged that Tiger8 instead assigned its option rights to the other defendants, who were not proper assignees under the terms of the agreement. It further alleged that those defendants proceeded to develop and/or produce a film based on the screenplay without paying the screenwriter the option exercise price. It asserted causes of action for breach of contract, breach of the covenant of good faith and fair dealing, and declaratory relief against all defendants.

In March 2018, the screenwriter voluntarily dismissed his claims against the other defendants. Tiger8 moved for summary judgment in June 2018. The docket of the action, of which we take judicial notice on our own motion (Evid. Code, § 452, subd. (d)), shows that the screenwriter filed an opposition to the motion, and the court held at least one hearing on the motion. In August 2019, before the court ruled on the motion, the screenwriter dismissed his claims against Tiger8 with prejudice.

## II. Orange County Action

On October 28, 2019, Tiger8 filed a verified complaint against MEB in Orange County Superior Court. Tiger8 alleged that MEB filed the screenwriter action "when there was literally

3

no evidence of any kind that [Tiger8] ever breached the Agreement, and when the only substantive allegations in the complaint related to non-parties to that Agreement who were not employees, officers or directors of Tiger8."  Tiger8 alleged that MEB had no "good cause to file the action since there was never a breach of the Agreement," and that MEB acted with malice by filing and maintaining suit despite a lack of evidence.  Tiger8 asserted one cause of action for malicious prosecution and two causes of action for unfair competition under Business and Professions Code, section 17200 et seq.

On December 27, 2019, Tiger8 filed a proof of service of the summons and complaint.[4]  On January 6, 2020, MEB filed a motion for change of venue to Los Angeles Superior Court.  After receiving briefing and holding a hearing, on August 18, 2020 the court issued a minute order granting the motion for change of venue.  For reasons unclear from the record, the matter remained in Orange County and the court subsequently held several status conferences.  Tiger8 ultimately dismissed the case without prejudice on October 28, 2020.

III.  **Los Angeles County Action**

A.  **Complaint and First Amended Complaint**

Later that same day, October 28, 2020, Tiger8 filed a complaint against MEB in Los Angeles County Superior Court. This complaint is not in the appellate record. Tiger8 asserts the summons and complaint were served on MEB on December 19,

---

[4]      Tiger8 has moved to augment the record on appeal with a copy of this proof of service, which states that service was effected on November 21, 2019.  We deny the motion, which MEB opposes, because we conclude the precise date of service is not relevant to the resolution of the issues presented in this appeal.

4

2020, but the only evidence of service in the record is a docket entry for "Notice and Acknowledgement of Receipt" that Tiger8 filed on March 9, 2021.[5]

Tiger8 filed a verified first amended complaint (FAC) on April 2, 2021, before MEB appeared in the action. The factual allegations of the FAC mirrored those of the Orange County action, but the FAC asserted only a single cause of action for malicious prosecution. A certificate of service indicates the FAC was electronically served on Tiger8 on April 2, 2021.

### B. Anti-SLAPP Proceedings

### 1. Special Motion to Strike

On April 30, 2021, MEB filed a special motion to strike the FAC pursuant to section 425.16. MEB argued that the malicious prosecution claim was subject to a special motion to strike because it arose from MEB's litigation of the screenwriter action. It also argued that Tiger8 could not meet its burden of showing a reasonable probability of success on the merits of the malicious prosecution claim. MEB specifically asserted that Tiger8 could not show that MEB lacked probable cause to bring the screenwriter action, or that it brought or maintained the screenwriter action with malice. MEB also argued that the Los Angeles County action was barred by the one-year statute of limitations in section 340.6, because it was filed more than one year after the screenwriter dismissed his complaint against Tiger8. It further contended that Tiger8 could not maintain its action because it failed to comply with corporate formalities and had not yet paid the attorney fees and costs the Orange County

---

[5]    As the appellant, Tiger8 is responsible for providing an adequate record. (See *Jameson v. Desta* (2018) 5 Cal.5th 594, 609.)

Superior Court ordered in connection with the motion to transfer venue.

In support of its motion, MEB filed a declaration by attorney Anjani Mandavia, the firm's managing partner. Mandavia stated that MEB brought the screenwriter action "to protect the interests of my client" and "did not file or maintain the underlying action for any improper purpose. Defendant had no malice or ill will in filing or maintaining the underlying action on behalf of [the screenwriter]." She further stated MEB acted "pursuant to the instructions of [the screenwriter] and pursuant to Court's authorization, order, or approval." Mandavia stated that MEB had probable cause to believe the factual allegations in the screenwriter action "[b]ased on the evidence that was provided" by the screenwriter. Mandavia attached a copy of the option purchase agreement to her declaration.

MEB also requested that the court take judicial notice of its own docket sheet, the Orange County court's order granting the motion for change of venue and awarding MEB fees and costs, and a document Tiger8 filed with the Secretary of State.

### 2. Opposition

Tiger8 filed a written opposition to the anti-SLAPP motion on May 14, 2021. Tiger8 argued that the motion should be denied as untimely, because it was filed more than 60 days after MEB was served with "the initial complaint"—the complaint in the Orange County action. Tiger8 further argued that it could show a reasonable probability of prevailing on its malicious prosecution claim. It asserted that MEB lacked probable cause to file and maintain the screenwriter action, "since there was never any evidence of a breach of the Agreement by Tiger8." It further asserted that MEB acted with malice in a variety of ways. Tiger8

6

supported these assertions with an unsigned declaration from its counsel, Anthony Graham, that referred to exhibits that were not attached or filed. It also included a declaration from its president and sole shareholder, Justin Ackerman, regarding its compliance with corporate formalities.

### 3. Reply

MEB filed a reply in support of the anti-SLAPP motion on May 19, 2021. It noted that Tiger8 did not dispute the applicability of the anti-SLAPP statute, and asserted that "the burden thus shifts to plaintiff to establish with admissible evidence 'reasonable probability of success' on its sole purported cause of action for malicious prosecution." MEB argued that Tiger8 could not meet that burden, because its complaint was untimely, its opposition was overlong, and the unsigned Graham declaration it filed in support of its claim 'was "legally meaningless and inadmissible" and "references exhibits that are not part of his declaration or plaintiff's opposition." MEB further asserted that Tiger8 "did not object to or dispute the Mandavia declaration," which "clearly established that defendant acted with probable cause and did not act with malice in the underlying action." MEB also argued that it timely filed the anti-SLAPP motion within 60 days of being served with the original Los Angeles County complaint on March 8 or 9, 2021.

The docket also indicates that MEB filed with its reply separate objections to the Graham and Ackerman declarations and Tiger8's "improper opposition." These documents are not included in the appellate record.

7

### 4. Tiger8's Evidentiary Objections and Supplemental Declaration

On July 9, 2021, nearly two months after MEB filed its reply brief and objections, Tiger8 filed written objections to the Mandavia declaration and moved to strike the statements in the anti-SLAPP motion it supported. Tiger8 asserted that the Mandavia declaration "consists almost entirely of inadmissible hearsay concerning alleged undefined 'evidence' received from [the screenwriter], none of which is ever identified, as well as improper legal conclusions of ultimate fact without supplying any evidentiary support or foundation."

On July 12, 2021, Tiger8 filed a "Notice of Errata" explaining the circumstances underlying the unsigned Graham declaration it filed with its opposition brief. It concurrently filed a signed version of the declaration and the exhibits referenced therein.

### 5. Ruling

The trial court heard the anti-SLAPP motion on April 19, 2022. The appellate record does not include a reporter's transcript of the hearing.

After the hearing, the court issued a written ruling. Preliminarily, it sustained MEB's objections to the unsigned Graham declaration. The court overruled MEB's objections to the Ackerman declaration and Tiger8's opposition. Though it "admonishe[d]" Tiger8 for filing an overlong brief and failing to include a table of contents, the court exercised its discretion to consider the filing. The court overruled Tiger8's belated objections to the Mandavia declaration and denied the related motion to strike portions of the anti-SLAPP motion. The court granted MEB's request for judicial notice.

On the merits, the court first concluded that the anti-SLAPP motion was timely. The court observed that Tiger8 did not cite authority in support of its contention that MEB needed to file the motion within 60 days of being served with the Orange County complaint. It also concluded that the contention was contrary to case law holding that the 60-day time period in which to file an anti-SLAPP motion restarts after a change of venue. The court further found that the Los Angeles County action was a new case, and MEB filed the anti-SLAPP motion within 60 days of being served with the original complaint.

The court next applied the standard two-step analysis to the substance of the motion. It found undisputed that MEB met its burden at the first step by demonstrating that the malicious prosecution claim arose from protected activity.

At the second step, the court observed that the burden shifted to Tiger8 to establish that its claim was legally sufficient and supported by a prima facie showing of facts sufficient to sustain a favorable judgment. The court concluded Tiger8 could not meet this burden because it failed to produce evidence in support of its claim. The court did not consider the unsigned Graham declaration, to which it had sustained MEB's objections. The court also did not consider the supplemental Graham declaration, which it found to be "untimely and improper." The court expressed "due process concerns with Plaintiff's initial failure to submit the correct exhibits, as well as Plaintiff's failure to remedy this issue before Defendant filed its reply," and the resultant lack of a meaningful opportunity for MEB to respond to the declaration and lengthy exhibits. The court noted that Tiger8 "could have, but did not, move the court *ex parte* or by noticed motion for an order permitting Plaintiff to file the supplemental

9

declaration and accompanying evidence and permitting Defendant to file its reply, or a supplemental reply, following Plaintiff's correction of its evidence."

Absent this evidence, the court concluded that Tiger8 could not demonstrate that MEB lacked probable cause to file the screenwriter action. The court further found that Tiger8 could not establish a second element of its malicious prosecution claim, that MEB acted with malice. The court noted that the Mandavia declaration constituted countervailing evidence on both points.

In the alternative, the court concluded that even if it considered the Graham declarations, Tiger8 could not show a probability of success on the merits because its action was time-barred. The court concluded that the malicious prosecution claim was subject to the one-year statute of limitations in section 340.6 because it was brought against attorneys, and Tiger8 failed to show that the Los Angeles County action was filed within one year of the dismissal of the screenwriter action. The court declined to reach the corporate formalities argument.

The court granted the anti-SLAPP motion, awarded MEB its requested fees and costs of $5,505, and ordered the action dismissed.

Tiger8 timely appealed.

## DISCUSSION

### I. Section 425.16 and Standard of Review

"A cause of action arising from a person's act in furtherance of the 'right of petition or free speech under the United States Constitution or the California Constitution in connection with a public issue shall be subject to a special motion to strike, unless the court determines that the plaintiff has established that there is a probability' that the claim will prevail." (*Monster Energy Co.*

*v. Schechter* (2019) 7 Cal.5th 781, 788, citing § 425.16, subd. (b)(1).)  Thus, "[a]nti-SLAPP motions are evaluated through a two-step process. Initially, the moving defendant bears the burden of establishing that the challenged allegations or claims 'aris[e] from' protected activity in which the defendant has engaged."  (*Park v. Board of Trustees of California State University* (2017) 2 Cal.5th 1057, 1061 (*Park*).)  Tiger8 does not dispute that MEB made this showing.  At the second step, "the plaintiff must then demonstrate its claims have at least 'minimal merit.'"  (*Ibid.*)  We review de novo the grant of an anti-SLAPP motion.  (*Id.* at p. 1067.)

## II.    Analysis

### A.    Timeliness

Tiger8 first contends the anti-SLAPP motion should have been denied because it was untimely filed.  We disagree.

Section 425.16, subdivision (f) provides that an anti-SLAPP motion must "be filed within 60 days of the service of the complaint or, in the court's discretion, at any later time upon terms it deems proper."  The 60-day period begins running upon service of the first complaint that pleads a cause of action subject to section 425.16, unless the trial court exercises its discretion to allow the motion to be filed later.  (*Newport Harbor Ventures, LLC v. Morris Cerullo World Evangelism* (2018) 4 Cal.5th 637, 641, 646 (*Newport Harbor*).)  "'An amended complaint reopens the time to file an anti-SLAPP motion without court permission only if the amended compliant pleads new causes of action that could not have been the target of a prior anti-SLAPP motion, or adds new allegations that make previously pleaded causes of action subject to an anti-SLAPP motion.'"  (*Id.* at p. 641.)  We review de novo the court's determination that the motion was

11

timely filed.  (See *Starview Property, LLC v. Lee* (2019) 41 Cal.App.5th 203, 208.)

Tiger8 asserts that the Orange County action was the first complaint that asserted a malicious prosecution claim, so the 60-day period to bring an anti-SLAPP motion relating to that claim began running when the Orange County summons and complaint were served on MEB.  It suggests that the subsequently filed Los Angeles County action should be treated as an amended complaint that did not assert new claims for purposes of the 60-day rule.  Tiger8 fails to cite any authority in support of its contention.  We decline to treat a new complaint, filed in a different court, as the equivalent of an amended complaint for purposes of the 60-day rule.  The 60-day rule is designed in part to curb abusive anti-SLAPP filings and other strategic gamesmanship.  (See *Newport Harbor, supra*, 4 Cal.5th at p. 645.)  Allowing a non-moving party to run down the clock for filing an anti-SLAPP motion by dismissing its claim and filing a new lawsuit would subvert the goal of reducing gamesmanship.  Moreover, it would undermine the primary purpose of the anti-SLAPP statute: weeding out meritless claims arising from protected activity at an early stage, without great cost to the SLAPP target.  (*Ibid.*)  We therefore agree with the trial court that the 60-day period started running when MEB was served with the original complaint in the new Los Angeles County action, assuming the original complaint (which is not in the record) contained the malicious prosecution cause of action.  That date, as best we can tell from the record, was March 8 or 9, 2021.  The anti-SLAPP motion was filed less than 60 days later, on April 30, 2021.

Even if the anti-SLAPP motion was not filed within the 60-day period, section 425.16, subdivision (f) vests the trial court with discretion to entertain late-filed motions.  The abuse of discretion standard of review applies to extensions made under this provision.  (*Kieu Hoang v. Phong Minh Tran* (2021) 60 Cal.App.5th 513, 526.)  Tiger8 does not argue that the trial court abused its discretion, and the record reveals no basis for concluding that it did.  Thus, even if the motion were untimely filed, we would find the court did not abuse its discretion by allowing MEB to file it.

## B.     Probability of Prevailing

Tiger8 contends that the anti-SLAPP motion should have been denied at the second step, because Tiger8 demonstrated "a probability of prevailing on its claim for Malicious Prosecution."  We disagree.

At the second step, Tiger8 bears the burden of showing that there is a probability it will prevail on its claim.  (§ 425.16, subd. (b)(1); see *Park, supra,* 2 Cal.5th at p. 1061.)  To make this showing, Tiger8 must produce evidence that, if believed by the trier of fact, would establish all the elements of its malicious prosecution claim:  (1) MEB commenced or directed the commencement of a prior action against Tiger8; (2) the prior action was terminated in Tiger8's favor; (3) the prior action was brought without probable cause; and (4) the prior action was initiated with malice.  (*Zamos v. Stroud* (2004) 32 Cal.4th 958, 965.)  Tiger8 argues that it can make this showing.

The problem for Tiger8 is that it *did not* make the requisite showing in the trial court.  Although the threshold is "'not high,'" and requires a plaintiff to show only that its claim has "minimal merit" (*Jenkins v. Brant-Hawley* (2022) 86 Cal.App.5th 1357,

13

1375-1376), a plaintiff cannot merely rest on the allegations of even a verified complaint. (*Sweetwater Union High School Dist. v. Gilbane Building Co.* (2019) 6 Cal.5th 931, 940; *Alpha & Omega Development, LP v. Whillock Contracting, Inc.* (2011) 200 Cal.App.4th 656, 664.) Instead, "[t]he showing must be made through 'competent and admissible evidence.'" (*Gilbert v. Sykes* (2007) 147 Cal.App.4th 13, 26). "Thus, declarations that lack foundation or personal knowledge, or that are argumentative, speculative, impermissible opinion, hearsay, or conclusory are to be disregarded." (*Ibid.*)

The only evidence Tiger8 proffered to support the probable cause and malice elements of its malicious prosecution claim consisted of the two Graham declarations and their attendant exhibits, which the trial court declined to consider. Tiger8 does not argue that the trial court erred in sustaining MEB's objections to the declarations or otherwise excluding them. Without this evidence, Tiger8 could not show that its malicious prosecution claim had even minimal merit. The trial court correctly found its showing inadequate.

Tiger8 contends that MEB failed to properly support the anti-SLAPP motion with admissible evidence. It asserts that the Mandavia declaration "consists solely of fact bereft hearsay and legal conclusions unsupported by any admissible document or evidence," and that it timely objected to the declaration below. These contentions miss the mark.

Even if we assume Tiger8's belatedly filed objections to the Mandavia declaration were proper and timely, Tiger8 does not argue that the court erred in overruling them. More fundamentally, it misconstrues the allocation of burdens during the two-step analysis of anti-SLAPP motions. Movant MEB bore

14

the initial burden of "establishing that the challenged allegations or claims 'aris[e] from' protected activity in which the defendant has engaged." (*Park*, *supra,* 2 Cal.5th at p. 1061.)  There is no dispute MEB carried that burden here.  At the second step, the burden shifted to Tiger8 to show that it had a probability of prevailing on the merits of its claim.  "At this stage, "'[t]he court does not weigh evidence or resolve conflicting factual claims.  Its inquiry is limited to whether the plaintiff has stated a legally sufficient claim and made a prima facie factual showing sufficient to sustain a favorable judgment.  It accepts the plaintiff's evidence as true, and evaluates the defendant's showing only to determine if it defeats the plaintiff's claim as a matter of law.""" (*Wilson v. Cable News Network, Inc.* (2019) 7 Cal.5th 871, 891.)  Tiger8 failed to present the trial court with any admissible evidence to accept as true; any showing MEB made was irrelevant.

## DISPOSITION

The judgment is affirmed.  Respondent Mandavia Ephraim + Burg LLP may recover its costs on appeal.

**NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS**


COLLINS, ACTING P.J.


We concur:


MORI, J.


ZUKIN, J.